IN THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| CHARLES F. MILLER, | ) ) ) ) | CIVIL ACTION NO: 3:08-cv-01942-MJP |
| Plaintiff, | ) ) | |
| v. | ) ) ) | OPINION AND ORDER GRANTING PREJUDGMENT INTEREST |
| HSBC FINANCE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion for Prejudgment Interest. A hearing was held on this and other post-trial motions on June 8, 2010. After careful consideration of the written submissions and oral arguments, the Court decides to grant Plaintiff's motion, although not in the amount sought by Plaintiff or urged by Defendant.

This case presents claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). A three day trial resulted in a jury verdict on January 8, 2010 for the Plaintiff in the amount of $66,650.82. The verdict represents compensatory damages for lost wages and benefits suffered by Plaintiff as a result of his discriminatory discharge. These type damages are commonly referred to as back pay in Title VII cases.

Plaintiff presented evidence at trial of gross back pay in the amount of $82,617.56 from the time of his discharge in May, 2007 until March 2009, when Defendant closed its operations in Columbia, SC where Plaintiff had been employed by Defendant. Plaintiff also presented evidence of interim earnings during the same period of $15,966.74. This led to a net back pay amount of $66,650.82 as urged by Plaintiff and found by the jury.

Plaintiff's motion seeks to have the Court use the South Carolina state statutory rate for prejudgment interest of 8.75%. Section 34-31-20, South Carolina Code of Laws. He proposes the Court apply this rate to the gross back pay amount of $82,617.56 which yields, according to Plaintiff's calculations, a prejudgment interest amount of $12,447.81, which Plaintiff urges the Court to award.

Defendant does not contest Plaintiff's entitlement to an award of prejudgment interest in this Title VII case. Defendant urges, however, that the 8.75% rate urged by Plaintiff creates a windfall. Instead, Defendant would have the Court use a rate of 2.28%, which represents the three-year average of the treasury rate used by statute to calculate the postjudgment interest rate. Defendant also contends that the rate should be applied to the amount awarded by the jury, $66,650.70 and not the gross back pay amount of $82,617.56 urged by Plaintiff.

In the absence of a statutory mandate, the award of prejudgment interest is discretionary with the District Court. *Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017, 1030-1031, (4th Cir 1993) (*en banc*). Prejudgment interest, however, is considered a part of the make whole relief in Title VII cases, as Defendant concedes. <u>Reynolds v. Abbeville County School District No. 60</u>, 1978 WL 64 (D.S.C.)

The Court agrees with Defendant that the award of prejudgment interest should be based on the verdict amount and not the higher amount urged by Plaintiff. Plaintiff is correct that District Courts do in appropriate cases use the prejudgment interest rate established by state statute. The Court finds 8.75% to be an appropriate prejudgment interest rate for this case.

The record reflects that Plaintiff was paid on a biweekly basis. As stated above, the back pay period runs from mid-May 2007 through mid-March 2009. While the record reflects the amount of interim earnings, it does not specifically reflect when those earnings occurred. Plaintiff was unemployed for several months after his termination, but it is unclear as to the specific dates and amounts earned once he did obtain employment, beyond the total interim earnings amount of $15,966.74. As a result, a week by week calculation is not possible. The Court finds it appropriate to award prejudgment interest from the midpoint of the back pay period or April 14, 2008 through the date of the verdict, January 8, 2010.

> Calculation of prejudgment interest on jury award is summarized as follows:
>
> The total time elapsed from mid May 2007 (assumed to be May 15, 2007) to mid March 2009 (assumed to be March 15, 2009) is 670 days. The date thus representing the midpoint of the back pay period would be the beginning date (5/15/2007) plus 335 days (half the total time) or 4/14/2008. The number of days from 4/14/2008 (mid point of back pay period) to 1/8/2010 (date of verdict) is 634 days. This is equivalent to one year plus 269/365 of another year or 1.737 years.
>
> Simple Interest Calculation: Interest for 1 year at 8.75 % is $66,650.70 * .0875 = $5,831.94. Interest for .737 year is $5,831.94 * .737 = $4,298.14. Total interest is $10,130.08.

For the foregoing reasons, the Court grants Plaintiff's Motion for Prejudgment Interest and awards Plaintiff prejudgment interest in the amount of $10,130.08. This

3

amount shall be included in the judgment and shall draw postjudgment interest as set forth in the judgment.

**IT IS SO ORDERED.**

<u>s/Matthew J. Perry, Jr.</u>
**MATTHEW J. PERRY, JR.**
**UNITED STATES DISTRICT JUDGE**

Columbia, South Carolina
July 9, 2010