IN THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| CHARLES F. MILLER, | CIVIL ACTION NO: 3:08-cv-01942-MJP |
| Plaintiff, | |
| v. | AMENDED OPINION AND ORDER GRANTING ATTORNEY'S FEES AND COSTS |
| HSBC FINANCE CORPORATION, | |
| Defendant. | |

Plaintiff has moved the Court pursuant to Rule 54, FRCP, and in accordance with Local Rule 54.02 for an award of attorney's fees in the amount of $74,549.00. Plaintiff also seeks $3,708.02 for costs or litigation expenses, less any amount awarded as taxable costs pursuant to a concurrently filed Bill of Costs.

A hearing was held on this and other post-trial motions on June 8, 2010. After careful consideration of the written submissions and oral arguments, the Court decides to grant Plaintiff's motion, although not in the amount sought by Plaintiff or urged by Defendant

**BACKGROUND**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). It was initiated with the filing of a Summons and

1

Complaint on May 19, 2008. Defendant filed its answer on July 2, 2008. Defendant moved for Summary Judgment on January 13, 2009. On September 29, 2009, the Court adopted the Report and Recommendation of the Magistrate Judge and granted Defendant's Motion for Summary Judgment as to Plaintiff's Age Discrimination in Employment Act claim and denied Defendant's Motion for Summary Judgment at to Plaintiff's Title VII claims.

A jury was selected on January 5, 2010 and a trial was held on January 6, 7, and 8, 2010 on the issues of whether Defendant unlawfully discriminated against Plaintiff because of Plaintiff's religion and unlawfully failed to reasonably accommodate Plaintiff's religious obligations. The jury returned its verdict on January 8, 2010. The jury found that Defendant failed to accommodate Plaintiff's religious obligations in violation of Title VII. The jury did not find for the Plaintiff on his claim of religious discrimination. The jury awarded Plaintiff back pay in the amount of $66,650.82, but it awarded neither compensatory nor punitive damages. A Judgment based the jury's verdict was entered on January 11, 2010.

Plaintiff's Motion for Attorney's Fees and Costs is timely filed, and the matter is properly before the Court for disposition.

**ANALYSIS**

Attorney's fees are available to the prevailing party under Title VII. 42 U.S.C. § 2000e-5(k). Under the "lodestar" formula, the Court should multiply the number of hours reasonably expended by counsel by a reasonable hourly rate. In determining reasonableness, the Court shall analyze the twelve factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978). *Id*.

The Fourth Circuit and this Court's Local Rule 54.02 mandate a twelve (12) factor analysis in determining an award of attorney's fees. At the same time, the Supreme Court has admonished that an attorney's fees resolution should not become a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). This Court is required to analyze the twelve (12) *Barber* factors, but one or more factors may not have any application in a particular case. S*ee, e.g., Liberty Mutual Insurance Company v. Employee Resource Management, Inc.*, 176 F.Supp.2d 510 (D.S.C. 2001), and *Alexander S. By and Thru Bowers v. Boyd,* 429 F.Supp 925 (D.S.C. 1995).

The *Barber* factors are: (1) the time and labor expended, (2) the novelty and difficulty of the questions raised, (3) The skill required to properly perform the legal services rendered, (4) The attorney's opportunity costs in pressing the instant litigation, (5) the customary fee for like work, (6) the attorney's expectations at the outset of the litigation, (7) the time limitations imposed by the client or circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorney, (10) the undesirability of the case within the legal community in which the suit arose, (11) the nature and length of the professional relationship between attorney and client, and (12) attorney's fees awards in similar cases.

Accordingly, the Court addresses each of the *Barber* factors:

1.  <u>The Time and Labor Expended.</u>

Plaintiff's counsel, his former paralegal, and the attorney who assisted him with pretrial matters and trial have spent a total of 293.2 actual hours in this matter. Plaintiff's counsel spent 238.4 of these hours, his paralegal spent 14.4 of these hours, and the

3

assisting attorney spent 40.4 of these hours. Plaintiff also requests fees for the handling of the present motion, which he estimates will be three (3) hours. The Affidavit of Plaintiff's counsel also establishes that the time entries were contemporaneously recorded at the time of the work and have been reduced or eliminated where appropriate.

The Court finds that the hours described above to be a reasonable amount of hours upon which to base an attorney's fee award.

2. <u>The Novelty and Difficulty of the Questions Raised.</u>

This was, generally speaking, a routine employment discrimination case. It presented an unusual factual issue of when and why Plaintiff was terminated which complicated the matter.

3. <u>The Skill Required to Properly Perform the Legal Services Rendered.</u>

Title VII cases are normally handled by experienced employment attorneys, often certified specialists as is Plaintiff's counsel. Plaintiff's counsel was opposed by the largest law firm in South Carolina, with its own certified specialist.

4. <u>The Attorney's Opportunity Costs in Pressing the Instant Litigation</u>.

Plaintiff does not contend that Plaintiff's counsel lost opportunities by declining other work during the course of this representation. The case is being handled on a contingency basis. Plaintiff's counsel placed his time at risk when there was other billable time available to be done. *Alexander S., supra*.

5. <u>The Customary Fee for Like Work</u>.

Plaintiff seeks a rate of $290 per hour for lead counsel, $95 per hour for his former paralegal, and $100 per hour for an attorney assisting in pretrial matters and the trial. These are the standard rates for both employer and employee clients whose matters

are handled on an hourly basis rather than a contingency fee. The Affidavit of Plaintiff's Counsel, who is a certified specialist in employment and labor law, provides evidence to support the finding that the rates sought are reasonable rates. The fact Plaintiff seeks actual billing rates used for all clients strongly favors a finding the rates *per se* reasonable. *Liberty, supra*. This Court found the rate of $290 per hour to be appropriate for Plaintiff's counsel in employment cases both in 2007 and 2008.[1] It found appropriate a rate of $95 per hour for the same paralegal in the 2008 case and a rate of $135 for a relatively new associate counsel in the 2007 case.

The Court finds the hourly rates described above to be a reasonable rate upon which to base an attorney's fee award.

6. <u>The Attorney's Expectations at the Outset of the Litigation</u>.

Plaintiff's counsel expected at the outset of litigation that attorney's fees would be awarded if Plaintiff prevailed as this is allowed by Title VII, and because Congress did so in an effort to encourage attorneys to take on employment discrimination cases. There were no other expectations regarding the case.

7. <u>The Time Limitations Imposed by the Client or Circumstances</u>.

Except as discussed above under the fourth factor, there were no time limitations imposed by the client or the circumstances.

8. <u>The Amount in Controversy and the Results Obtained</u>.

Plaintiff obtained the full amount of lost wages and benefits sought. Plaintiff did not prevail on his ADEA claim. Plaintiff also did not receive compensatory and punitive damages.

---

[1] *Self v. Dennis*, 3:06-01123-JFA, and *Harrison-Belk v. Rockhaven*, 3:07-54-CMC.

In the Fourth Circuit, "[t]he most critical factor in calculating a reasonable fee award is the degree of success." *Brodziak v. Runyon,* 145 F.3d 194, 196 (4th Cir. 1998), citing *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983); *Farrar v. Hobby,* 506 U.S. 103, 114-15 (1992). Plaintiff's degree of success is "entitled to great weight in the attorney's fee calculation." *Liberty Mutual Ins. Co. v. Employee Resource Mgt.,* 176 F. Supp. 2d 510, 536 (D.S.C. 2001).

The Fourth Circuit in *Brodziak, supra* at 197, explained:

> However, the *Hensley* Court explicitly rejected the notion that a court may calculate an award of attorneys' fees by means of a purely mathematical comparison between the number of claims pressed and the number prevailed upon, observing that "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." Hensley, 461 U.S. at 435 n. 11, 103 S.Ct. 1933 Rather, the appropriate inquiry concerns whether the claims on which the plaintiff prevailed are related to those on which he did not. When successful claims are unrelated to unsuccessful claims, it is not appropriate to award fees for the latter. *See id.* at 435. When, however, all claims "involve a common core of facts ... [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.;see* Johnson, 974 F.2d at 1419 (remanding for reconsideration of a fee award when the district court may have reduced the award to account for the fact that the plaintiff prevailed on only one of three claims, when all of the claims arose from the same operative facts and the plaintiff achieved a sizeable verdict); *see also* Hensley, 461 U.S. at 435, 103 S.Ct. 1933 (explaining that "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.").

Plaintiff had good success in this case. He did pursue his failed ADEA claim through the discovery stage. He was unsuccessful in his claims for compensatory and punitive damages. The Court finds some downward adjustment in the lodestar amount to be appropriate under the circumstances and decides a 15% reduction is proper. Accordingly, the lodestar amount is reduced from $74,549.00 to $63,366.65.

6

9. <u>The Experience, Reputation and Ability of the Attorney</u>.

Plaintiff's counsel has practiced labor and employment law exclusively for over thirty (30) years. As noted above, he is a certified specialist in employment and labor law by the South Carolina Supreme Court. He has practiced extensively throughout the United States both in federal and state courts in employment matters. He spent much of his career with one of the oldest employment and labor law firms in the United States, the Atlanta based Constangy, Brooks & Smith, LLP, which also has an office, among other places, in Columbia, South Carolina where he worked. He was also involved in the founding and was a managing member of Ellzey & Brooks, LLC, which, during his time with the firm, had more labor and employment attorneys and certified specialists than any other firm in Columbia. Once again, this Court found favorable to Plaintiff's counsel on this factor in two recent cases.

10. <u>The Undesirability of the Case within the Legal Community in which the Suit Arose</u>.

Title VII cases are not undesirable, but would be but for the statutory provision for attorney's fees to a prevailing plaintiff. *Alexander S., supra.* The reason, quite simply, is that in many cases the value of the work performed by the attorney necessary to prosecute a claim either to a successful settlement or judgment exceeds the value of the back pay in issue, as has occurred in this case, at least before an award of prejudgment interest to Plaintiff on his lost wages and benefits. It is for this reason that in these type cases the fact that the fee request exceeds the damages obtained does not suggest a reduction of the fee. *Riverside v. Rivera*, 477 U.S. 561 (1986).

11. <u>The Nature and Length of the Professional Relationship between Attorney and Client</u>.

7

Plaintiff's counsel did not know Plaintiff until he was asked to represent him in this case.

12.     Attorney's Fees Awards in Similar Cases.

There is a dearth of reported attorney's fees cases in this District involving Title VII cases, but Plaintiff's counsel has directed the Court's attention to those few employment cases known to him, including two of his own. There is nothing inconsistent with the award Plaintiff seeks with the awards in those cases.

**EXPENSES**

Plaintiff is entitled to recover his litigation expenses, in addition to taxable costs. *Alexander S., supra.* Plaintiff seeks $3,708.02 for costs or litigation expenses, which he has documented. Plaintiff's concurrently filed Bill of Costs seeks $350 for filing fees, $1,435.14 for deposition charges, and $202.98 for trial expenditures related to juror questionnaires. The additional expenses are postage, long distance, copy costs, deposition travel expenses, and mediation fees in the amount of $1,719.90. As discussed above, Defendant does not contest these amounts. The Court finds as award of $3,708.02 for costs or litigation expenses to be appropriate.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's motion and awards attorney's fees in the amount of $63,366.65 and costs in the amount of $3,708.02 for a total of $67,074.67. This amount shall be included in the judgment and shall draw

postjudgment interest as set forth in the judgment. Plaintiff's Bill of Costs is duplicative and is therefore moot.

**IT IS SO ORDERED.**

s/Matthew J. Perry, Jr.
**MATTHEW J. PERRY, JR.**
**UNITED STATES DISTRICT JUDGE**

COLUMBIA, South Carolina
July 9, 2010